M. MARCUS, Appellant, v. JOHN DOHANY, Appellee.

Contracts: EVIDENCE: REBUTTAL. Where in an action to recover the cost of one half of a party wall, the defendant pleaded an oral agreement on the part of the plaintiff to permit the defendant to use said wall without charge, and offered evidence thereof on the trial, *held*, that proof offered by the plaintiff in rebuttal, of a written agreement to arbitrate the question of the proportion of the cost of said wall that should be paid by either party, made after the alleged oral agreement, and signed by both parties, was erroneously excluded.

*Appeal from Council Bluffs Superior Court.*—HON. J. E. F. McGEE, Judge.

FRIDAY, JANUARY 19, 1894.

ACTION at law to recover one half of the cost of a partition wall erected by the plaintiff on the line between lots owned by the plaintiff and the defendant. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Reversed.*

*J. J. Stewart* and *S. B. Snyder*, for appellant.

No appearance for appellee.

ROTHROCK, J.—I. It is conceded that the plaintiff erected a lawful partition wall on the line of the lots of land owned by the respective parties, and that the value of the one half thereof, which is used in common by the parties, is two hundred and ten dollars. If these

were all the facts in the case, the plaintiff would be entitled to recover of the defendant the sum above named, and the court so instructed the jury. But it appears from the pleadings and evidence that, before the plaintiff erected the wall, the defendant had an old building on or near the line, and that a small part of the wall at the front thereof was over the line, and rested on the plaintiff's lot. This wall was but nine inches thick, and was not adapted to be used as a partition wall. The building of which it was a part was a temporary structure, without cellar or foundation. When the plaintiff erected his new block, the defendant removed the wall of his old building, and the plaintiff erected his wall so that one half of it was over the line, and on the lot of the defendant. The defendant's old building was connected with the new wall, so that the new wall is in fact a wall in common, and is of such thickness and dimensions as to constitute a lawful party wall.

The defendant, by his answer, claimed that before the wall in dispute was erected he made an oral agreement with the plaintiff by which the plaintiff was to build the wall, and that "defendant might occupy so much of said wall as was necessary to be used by his building without charge to said defendant," and that he was not to pay for any part of said wall. Evidence tending to establish this claim was introduced over the objection of the plaintiff, and it is claimed that this was error.

Section 2030 of the Code is as follows: "This chapter shall not prevent adjoining proprietors from entering into special agreement about walls on the lines between them; but no evidence of such agreement shall be competent unless it be in writing signed by the parties thereto, or their lawfully authorized agents, and whenever such proprietor is a minor, the guardian of his estate shall have full authority to act in all matters

relating to walls in common." We have no argument in behalf of the appellee, and are at a loss to understand the ground upon which it was claimed in the court below that evidence of the alleged parol agreement was admissible. It may be that, as the defendant's counsel makes no appearance in this court, he concedes that this evidence was erroneously admitted. However that may be, we think it proper, under the circumstances, to pass the question without deciding it, as the judgment. must be reversed upon another ruling of the court, which we will now proceed to consider.

II.   The petition in the case was founded upon two counts. The first count was based upon an award of arbitrators, and the second count was an ordinary claim to recover a judgment for one half the value of the wall. The action, so far as it was based on the award, was not urged by the plaintiff. The trial was had without regard to the award. As we have seen, the court permitted the defendant to give evidence of an alleged parol agreement between the parties as to the matter in controversy. This evidence consisted of the testimony of the defendant. To rebut this testimony, the plaintiff offered in evidence the written agreement to arbitrate, which was signed by the parties. An objection to this evidence was sustained. It should have been overruled, and the writing should have been admitted in evidence. We need not set it out here. It shows that at the time it was executed there had been no agreement, parol or otherwise, between the parties, but that the matter of the partition wall was in dispute, and it was signed by the parties after the time the defendant claimed that an oral agreement was made touching the matter. If the defendant's testimony was admissible at all, it was surely competent for the plaintiff to rebut it.

The judgment of the district court is REVERSED.